No: 14-14-00904-CV

In The Court of Appeals For The
Fourteenth District Of Texas at Houston

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS

APR 07 2015

CHRISTOPHER A. PRINE
CLERK

MAILED

Quincy Deshan Butler
Appellant

V

The State Of Texas
Appellee

Trial Court Cause No. 11-06-20924

506th District Court, Waller County, Texas

i

# PARTIES AND COUNSEL

**APPELLANT**
Quincy Butler

**Counsel**
PRO SE
TDCJ# 01899541
Eastham Unit 5 Dorm 36
2665 Prison Rd 1
Lovelady, Tx 75851

**APPELLEE**
STATE OF TEXAS

**Counsel**
EDNA SAINZ
A.C.DA
SBN 24007354
Waller County District
Attorney's Office
645 12th Street
Hempstead, Tx 77445
979-826-7718
979-826-7722

# Authorities

McIntyre v Ramirez (p. 2)
109 S.W. 3d 741 (Tex 2003)

Murrell v Bennett, 615 F. 2d 306, 311 (1980) (p. 3)
454 U.S. 833, 102 S.ct (p. 4)

$56,700 v State, 730. Sw 2d at 662 (p. 5)

To The Honorable Judges of this Court

Comes now Quincy Deshan Butler pro se, and files this Reply Brief in the above styled and numbered cause.

## STATEMENT of THE CASE

Appellant was arrested in Waller County on May 28, 2011. Appellant possessed $1,604.09 in U.S. Currency at the time of his arrest. The State of Texas filed a Notice to Appellant he was being sued on June 9th 2011. Appellant file an Original Answer through his Attorney of record at the time, Dennis, W. Richards on June 21, 2011. Appellant wrote several letter's Concerning obtaining his funds but never received any answer and the matter was prolonged until Appellant's Attorney withdrew from the Case. The State then moved for Summary Judgement on June 25th 2014. On July 7th 2014 Appellant filed for continuance and extension of time to obtain subpoenas, and discovery material due to the facility being on a "Unit lockdown" The court never responded to Appellant's request then made a ruling week later and granted The Summary Judgement on July 25, 2014.

iv

## Statement Of Facts

Appellant was arrested on May 28, 2011 and appellant had ($1,604.09) In U.S. currency which he had withdrawn from his bank account prior to being Arrested in his pocket. Appellant filed an Original Answer on June 21, 2011 after The STATE file a Notice of Seizure to Appellant.

Appellant answer was filed through his Attorney of record then Dennis W. Richards, which contained appellant's employment resume. Appellant's attorney later withdrew from appellant's Case which appellant objected to.

Appellant was not indicted for charges in Waller County until (19) months later after these funds were Confiscated. Appellant requested for an attorney to be appointed to his Case because he wasn't knowledgible of Civil Procedure's and Proceedings. The Court allowed appellant's attorney to withdrew after appellant paid for representation. SEE Exhibit's in Respondant's Bill of Exception and also see letter's from Civil Clerk Kathy Bond.

The State moved for Summary Judgment. Appellant filed a motion for continuance and a motion for extension of time due to J. ALLRED facility being on a "unit lockdown" in which there is no movement and this unit lockdown hendered the appellant's ability to file his response and more time was requested.

Appellant did not receive a response from the court after his request was made on July 7th 2014. The State's Summary Judgement was granted on July 25th, 2014.

1.

Point of Error I #

Standard of Review; Discovery

This point of error involves a ruling on a Summary Judgement imposed after the court didn't allow appellant time to produce discovery, which violates Appellant's due process rights guaranteed by the Fourteenth Amendment due process right; procedural ruling evidentiary matters. The Appeal Court reviews the Trial court Summary Judgement by an abuse of discretion standard. McIntyre v Ramirez, 109 S.W. 3d 741 (Tex. 2003)

In deciding whether the trial court abused it's discretion, a court of review considers this nonexclusive list of factors: 1) the length of time the case been on file; 2) the materiality of the discovery sought; 3 whether due diligence was exercised in obtaining the discovery. Id

In this case; Appellant contacted the court and asked the court to provide him with the Civil proceeding in which the court never responded; only to prolong the case and leave appellant stuck in "limbo", after his attorney withdrew from the Case. Appellant showed due diligence through his letters and requests. Appellant asserted he needed time to subpoena bank records which he did need; and the only way he obtain the exibited Bank Statement was because a family member Just happen to locate some copies of his bank statements that were printed a year before the Summary Judgment.

2.1

The State has admitted in there brief (see) (page 8) of (The State's Brief) - that "the evidence sought by Appellant was material; Appellant did exercise due diligence in obtaining the discovery because appellant wrote letters to Chase requesting Bank Records while he was At Allred prison facility The Bank did not forward the record So Appellant requested Subpeonas from the District Court in Waller County.

## Clarification

The State contends that appellate cited Murrell v Bennett, 615 F.2d 306, 311 (1980) in regards to appointment of counsel.

The state misconstrued the totality of this citing. Appellant requested for subpeonas and requested for counsel. The subpeonas was for material documents of proof. The Court of Appeals found that [the absense of documents for Murrell is the very injustice of this case.] In this instant case appellant makes the same arguement.

The 5th Amendment (1791) Guarantees no one can be deprived of life, liberty, or property without due process of Law. No private property can be taken for public use without just compensation. In this instant case the STATE has deprived the Appellant of his property in violation of the 5th Amendment by not allowing material evidence to be presented.

454 U.S. 833, 102 S.ct. Appellant provided uncontroverted facts which constituted good sufficient cause alleged, was a clear abuse of discretion by the trial court. Therefore the Trial court's Ruling on the Summary Judgment should be reverse and remanded, and funds returned to Appellant in the interest of Justize.

REPLY TO (STATE's) 3 Point of ERROR
(Response)

The State asserts that the courts have reviewed at least five factors in assesing the Sufficiency of the STATE evidence in a forfeture case. In this instant case the state does meet the factors, because the state claim to have found drugs, in violation of the "Exclusionary Rule" to confiscate appellate's funds.
(SEE STATE Expert Witness Testimony)
(" No Policy on Inventory Searches")

4.

Also appellant money was in his pocket. Appellant had employment Status.

$56,700 v State, 730. SW. 2d at 662.

"although the money was found in the immediate vicinity of .22 grams of cocaine and 30 grams of marijuana and [a]rray of paraphernalia," the fact thereof does not establish a nexus.

In conclusion the State cite's $45,480 v US currency, Ct App-[Texarkana [6th Dist] which is not establish law and unconstitutional to say existence of recent drug conviction weighs in favor of forfeiture. That would mean a person with prior drug charges couldn't keep money in his pocked and is Subject to forfeiture of his money he works for and pay taxes this is unconstitutional; violates law; liberty; and Justice.

In conclusion Appellant's prays that this Honorable Court Show Justice and Reverse Remand and Release Appellant's funds to Appellant.

Respectfully,

Quincy Butler

2365 Prison Rd I

Lovelady, Tx 75851

5.

## Verification

Pursuant to 28 U.S.C § 1746, I Quincy Butler declare and verify under the penalty of perjury that the above information is true and correct.

Executed this 31st day of March, 2015

## Certificate of Service

I, Quincy Butler, do hereby certify that a true and correct copy of the above information in the Appellant's Brief, this instrument has been served, by placing same in the U.S. Mail, postage paid on the 31st of March 2015,

addressed to the : Fourteenth Court of Appeals
301 Fannin, Suite 245
Houston, Tx 77002

Quincy Butler    #01899541
2665 Prison Rd 1
Lovelady, Tx 75851

6.